IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WILLIE LEE ELLINGTON,<br><br>           Plaintiff,<br><br>vs.<br><br>MURRAY ENERGY CORPORATION et al.,<br>           Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:07CV766 DAK |

This matter is before the court on Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief.  A hearing on the motions was held on February 5, 2008.  At the hearing, Defendants were represented by Matthew M. Durham, and Plaintiff was represented by Mary Anne Q. Wood. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to this motions, including the contents of the letters subsequently sent to the court:  Plaintiff's letter dated February 27, 2008 and Defendants' response to the letter, dated March 4, 2008.  Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff Willie Ellington has asserted three causes of action against Defendants, each arising under Title VII:  failure to provide a reasonable religious accommodation, disparate treatment, and retaliation.  Plaintiff, however, did not include his retaliation claim in his EEOC Charge of Discrimination, which is the issue in dispute in this motion.  Specifically, his Charge

of Discrimination alleged only that Defendants failed to accommodate Plaintiff's request to have Saturdays off (he is a Seventh-day Adventist) and that he was constructively discharged as a result.  Plaintiff did not check the "retaliation" box on his Charge of Discrimination Form, nor did he allege any facts as to how Defendants retaliated against him after he requested an accommodation.

On the other hand, Plaintiff contends that his failure to include the retaliation claim in his Charge is not dispositive of this court's ability to adjudicate his retaliation claim.  He argues that he set forth facts about the retaliation in his initial submission to the EEOC–his EEOC Intake Questionnaire.  Plaintiff admits that he did not check the "retaliation" box on his Intake Questionnaire, but he contends that the Questionnaire was misleading in describing what can constitute a "retaliation" claim.  Further, he contends that an EEOC employee filled out the Charge of Discrimination Form based on his initial Intake Questionnaire, and this individual failed to check the retaliation box or to include in the actual Charge of Discrimination any facts related to the alleged retaliatory acts.

Plaintiff argues that the Tenth Circuit has a lenient standard, and thus, because he included allegations related to retaliation in his Intake Questionnaire, his claim should not be precluded.  In oral argument, Plaintiff's counsel also added that Plaintiff could not read or write very well, and thus, the EEOC's failure to include his allegations of retaliation should not be held against him, particularly when he did not have counsel when he went to the EEOC to file the necessary paperwork.

## DISCUSSION

A plaintiff is required to file a timely charge of discrimination with the EEOC prior to

filing a civil action under Title VII. *See* 42 U.S.C. § 200e-5(e) and (f)(1). Under Tenth Circuit law, "[e]xhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII." *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996). Tenth Circuit law is also clear that a plaintiff must exhaust his administrative remedies "for each individual discriminatory or retaliatory act." *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003). In other words, each alleged incident of discrimination or retaliatory adverse employment decision constitutes a separate, actionable "unlawful employment practice" for which a plaintiff's administrative remedies must be exhausted. *Id.* at 1210. Failure to file an administrative claim for each "unlawful employment practice" is a jurisdictional bar— a claim that is not administratively exhausted is subject to dismissal under Rule 12 of the Federal Rules of Civil Procedure. *Id.*

Plaintiff relies on an opinion from the District of Utah, finding that the court may look at other documents filed with the relevant agency to determine the Charging Party's intentions. "[A]lthough plaintiff did not mark each box, defendant cannot ignore the allegations raised in materials submitted to the UALD." *Parker v. Albertson's, Inc.*, 325 F. Supp. 2d 1239, 1251 (D. Utah 2004). Plaintiff also relies on *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1260 (10th Cir. 1998), in which case the plaintiff had checked only the box for "retaliation" on her Charge of Discrimination, and none of the facts alleged in the plaintiff's EEOC Charge could be read as alleging anything other than a retaliation claim. *Gunnell*, 152 F.3d at 1260. Nevertheless, the Tenth Circuit allowed Ms. Gunnell to bring a cause of action for sexual harassment, because she claimed to have submitted a "supplement" to the UALD which contained, among several other things, a conclusory assertion that she had "been subjected to a

continuing pattern and practice of sexual harassment." *Gunnell*, 152 F.3d at 1258, 1260.

In addition, in his supplemental authority, Plaintiff contends that the recent *Holowecki v. Federal Express Corp.*, 128 S. Ct. 1147 (2008) mandates that this court deny the motion to dismiss, Plaintiff misreads the *Holowecki* case, as it does nothing to assist Plaintiff in the instant case. Among other differences, in *Holowecki*, the employee had submitted a detailed six-page affidavit along with her Intake Questionnaire, which materially distinguishes that case from the case at bar.

Even prior to the release of the *Holowecki* decision, Defendants had admitted that the court may look to the Intake Questionnaire in certain limited situations: (1) when the intake questionnaire meets certain requirements set forth in the EEOC regulations (such as being verified under oath or penalty of perjury), and (2) when the plaintiff clearly intended the EEOC to investigate the allegations in the Intake Questionnaire.

This case is difficult because Plaintiff's Intake Questionnaire was *not* verified, and Plaintiff approved, signed, and verified a Charge of Discrimination that omits his allegations pertaining to retaliation. Although it is a very close question, the court finds that in the specific circumstances of this case, the court has jurisdiction over Plaintiff's retaliation claim. Plaintiff clearly included allegations related to retaliation in his Intake Questionnaire, and whatever reason, the EEOC employee omitted the retaliation allegations when assisting Plaintiff in completing the Charge. Plaintiff allegedly could not read well enough to notice this omission when he signed the Charge. In light of all the circumstances, the court finds that Plaintiff intended the EEOC to investigate all claims in his Intake Questionnaire. Title VII sets up a

"remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process," *EEOC v. Commercial Office Products Co.*, 486 U.S. 107 (1988), and it would defeat the purpose of this scheme to penalize Plaintiff in this case for the EEOC's failure to include his retaliation claims in the Charge of Discrimination.

## CONCLUSION

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief [docket # 11] is DENIED.

DATED this 9th day of May, 2008.

BY THE COURT:

*[signature]*

DALE A. KIMBALL
United States District Judge